**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) )   No. 4:23-CV-279 RLW |
| v. | ) ) ) |
| GROUNDWORKS CONTRACTING, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiffs' Motion for Judgment by Default. (ECF No. 15). In their motion, the plaintiffs do not request that the Court enter Default Judgment in an amount certain, but rather, they request, among other things, that the Court order the defendants in this case to submit to an accounting. The Court, therefore, construes the plaintiffs' motion as a motion to conduct an accounting pursuant to Fed. R. Civ. P. Rule 55(b)(2)(A).

The plaintiffs in this action are union pension welfare funds and their respective trustees. The plaintiffs bring this action against Defendants Groundworks Contracting, Inc. ("Groundworks") and Jason Richter under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, §1145, and Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. §185. In their Complaint the plaintiffs seek, among other things, delinquent contributions to pension and welfare funds, interest, liquidated damages, attorney's fees, and costs.

Defendant Richter was served with copies of the Summon and Complaint on March 14, 2023. Groundworks' registered agent, the Missouri Secretary of State, was served with copies of

the Summons and Complaint on March 15, 2023.[1]  The Missouri Secretary of State also received copies of the Summons and Complaint via certified mail on March 17, 2023.   The defendants did not file an answer or otherwise respond to the Complaint.   On April 17, 2023, the Clerk of Court entered default against Defendants Groundworks and Richter pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

In their Complaint, the plaintiffs allege Groundworks agreed to be bound by the terms and conditions of collective bargaining agreements between the Site Improvement Association and the Eastern Missouri Laborers' District Council and its affiliated Local Unions, and between the Southeast Missouri Contractors Association and the Eastern Missouri Laborers' District Council and its affiliated Local Union No. 1104.  According to the Complaint, under these collective bargaining agreements, Groundworks agreed, among other things, to pay and contribute to Plaintiff Construction Industry Laborers Welfare Fund and Plaintiff Construction Industry Laborers Pension Fund, various sums per hour for each employee covered by and subject to said agreements. The defendants also agreed to submit written reports within twenty days after the last day of the preceding month for the hours worked during said preceding month.  The plaintiffs also allege Groundworks agreed to be bound by the terms and provisions of the Trust Agreement(s), under which the pension and welfare funds are administered, and to allow an official agent of the Board of Trustees of the pension and welfare funds to inspect and make copies of any and all records of Groundworks pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees, and other records relevant to and of assistance in determining whether Groundworks' obligations under the collective

---

[1]According to the Complaint and filings in the office of the Missouri Secretary of State, Groundworks Contracting, Inc. was administratively dissolved in June 2022.

bargaining agreements to make payments to the pension and welfare funds have been faithfully performed.

According to the Complaint, Groundworks, which is now dissolved, employed Laborers performing work covered by the collective bargaining agreements. The plaintiffs further allege Defendant Richter was an officer and president of Groundworks and continued to carry on the business of Groundworks after its dissolution and, therefore, Defendant Richter is personally liable for the debts incurred by Groundworks.

The Complaint alleges Groundworks failed and refused to submit correct remittance reports and correct contributions to the plaintiffs from January 1, 2018, to date. The plaintiffs are seeking default judgment in this amount, in addition to interest, liquidated damages, attorney's fees, and costs. The Court, however, cannot enter default judgment in the amount of the delinquent contributions, because the plaintiffs are unable to determine at this time the total amount of contributions owed by Groundworks without an accounting of its books and records.

In sum, the plaintiffs have established that Groundworks is party to collective bargaining agreements that require Groundworks to submit monthly reports and remit contributions to the plaintiff pension and welfare funds; require the payment of liquidated damages on delinquent contributions, as well as interest, attorney's fees, and payroll examination costs; and authorize the plaintiffs to examine the financial records of Groundworks to ascertain whether the required contributions were made. Therefore, the Court grants the plaintiffs' request to conduct a financial examination and accounting of Groundworks' financial records. See Fed. R. Civ. P. Rule 55(b)(2)(A). The Court denies without prejudice the plaintiffs' motion for the entry of default judgment. The plaintiffs may refile their motion after the accounting is complete.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' Motion for Judgment by Default is **GRANTED in part** and **DENIED in part** without prejudice.   The motion is **GRANTED** to the extent the plaintiffs seek a default order pursuant to Fed. R. Civ. P. Rule 55(b)(2)(A) to compel an accounting.   In all other respects, the motion is **DENIED** without prejudice.   [ECF No. 10].

**IT IS FURTHER ORDERED** that Defendant Groundworks Contracting, Inc. and Defendant Jason Richter shall permit an accounting of Groundworks Contracting, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement at issue in the Complaint for the period January 1, 2018, to date.

The Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to the entry of partial and final judgments, as it deems appropriate.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   6th   day of October, 2023.

4