UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:23-CV-279 RLW |
| GROUNDWORKS CONTRACTING, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiffs bring the instant action seeking an accounting of Defendant Groundworks Contracting, Inc.'s ("Groundworks") payroll records and a judgment for delinquent contributions owed to the plaintiff union employee benefit funds pursuant to collective bargaining agreements. Currently pending before the Court is Plaintiffs' Motion for Civil Contempt, (ECF No. 17), based on Groundworks' and Defendant Jason Richter's failure to comply with the Court's Memorandum and Order dated October 6, 2023, which required them to permit an accounting of Groundworks' "business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement at issue in the Complaint" for the period of January 1, 2018, through the date of the Memorandum and Order.   (ECF No. 16 at 4).

The refusal to submit to an accounting as ordered may warrant the finding of a civil contempt, and the imposition of fines, imprisonment, or other appropriate means may be used to

compel compliance with the Court's Order. Furthermore, a defendant found to be in contempt may be ordered to reimburse plaintiffs for attorney's fees and expenses incurred in attempting to compel the contemnor's compliance with the Court's Order.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or judgment, or to compensate the complainant for losses sustained, or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Const. Laborers Welfare Fund v. Town & Country Masonry & Tuckpointing, LLC, No. 4:13-CV-696-JAR, 2013 WL 5436645, at *2 (E.D. Mo. Sept. 27, 2013) (ordering a compliance fine of $200 per day and attorneys' fees). Incarceration has been used to compel compliance with Court orders in

the context of ERISA delinquency actions.  See, e.g., Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering that a bench warrant issue for the arrest of the individual defendants). In addition, the Court has imposed contempt sanctions on a corporate defendant's officer who failed to participate in post-judgment discovery in an ERISA delinquency action.  See, e.g., Carpenters' District Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc., No. 4:07-CV-61 CAS (E.D. Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order.  Chicago Truck Drivers, 207 F.3d at 504-05.  Plaintiffs have produced proof that Groundworks and Defendant Richtert were notified of the Court's October 6, 2023 Memorandum and Order and failed to cooperate and submit to an accounting as ordered by the Court.  At this point, the burden shifts to Groundworks and Defendant Richtert to show an inability to comply with the Court's Order.  Id.  A mere assertion of "present inability" is insufficient to avoid a civil contempt finding.   Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply."  Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Groundworks Contracting, Inc. and Defendant Jason Richter are ordered to show cause why they should not be held in contempt of Court for failure to permit an accounting of Groundworks Contracting, Inc.'s payroll records for

the period of January 1, 2018 through October 6, 2023, as ordered by the Court in its Memorandum and Order dated October 6, 2023.

**IT IS FURTHER ORDERED** that a hearing is set for **Thursday, May 2, 2024, at 2:00 p.m.**, in Courtroom No. 10-South of the Thomas F. Eagleton United States Courthouse, at which Defendant Groundworks Contracting, Inc. and Defendant Jason Richter shall personally appear and show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Memorandum and Order dated October 6, 2023.  Because incarceration is a possible civil contempt sanction, Defendant Jason Richter has the right to representation by counsel.  Failure to appear for the hearing as ordered may subject Defendant Jason Richter to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail copies of this Memorandum and Order to Show Cause by both first-class U.S. Mail and UPS, to Groundworks Contracting, Inc., c/o The Missouri Secretary of State, Registered Agent, 600 West Main, Room 322, Jefferson City, Missouri, 65101.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order to Show Cause on Defendant Jason C. Richter, at 8712 Holy Cross Lane, Breese, Illinois, 62230.

*(signed) Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of April, 2024.